### THE STATE OF CONNECTICUT *against* SHEPARD.

A former conviction on an indictment for an attempt to commit a rape, is a good bar to an indictment for a rape; the former offence being necessarily included in the latter.

Therefore, proof of a rape, will sustain an indictment for an attempt to commit a rape.

This was an indictment for an assault on the body of *Rebecca Sloper*, with an intent to commit a rape.

The prisoner was tried on the plea of *Not guilty,* at *Hartford, September* term, 1827, before *Daggett,* **J.**

On the trial, *Rebecca Sloper* testified, that the prisoner had carnal knowledge of her body, contrary to her will, and without

any consent on her part : That she was asleep, when he entered her bed about midnight, having been deprived of her sleep the night before, and being much fatigued, by taking care of her young children : That she did not discover the fact until he had violated her person, and that her first impression, on discovering the fact, was that it was her husband : That as soon as she awoke, and became sensible of her situation, the prisoner sprang from her bed.

*Hartford,*
June, 1828.

State
*v.*
Shepard.

The counsel for the prisoner contended, that, if there was a carnal knowledge of her body, it was a rape ; and that the prisoner could not, therefore be convicted on this indictment, as the less crime was merged in the greater.   The judge instructed the jury, that if they were satisfied with the proof, the prisoner might be convicted on the indictment, although he had actual carnal knowledge of her body.

The jury returned a verdict of *Guilty ;* and the prisoner moved for a new trial, on the ground of a misdirection.

*T. S. Williams*, in support of the motion, contended, That rape and an attempt to commit a rape were distinct offences, requiring distinct indictments.   It has never been known in *Connecticut*, that a man has been convicted of an attempt to commit a rape on an indictment for a rape.   One offence does not include the other, as murder includes manslaughter. If so, then a conviction of this offence would be no bar to an indictment for a rape ; and consequently, if the prisoner can be convicted and punished, on this indictment, he may be convicted and punished *twice*, for the same act.

*Toucey* and *J. Griswold*, contra, insisted, That a conviction or acquittal of an attempt to commit a rape, though a rape may in fact have been committed, will bar a prosecution for the rape, the former being *necessarily* included in the latter. *Foster's Cr. L.* 328, 9.   1 *Chitt. Cr. L.* 639. (*1st Lond. ed.*)   2 *Hale's P. C.* 246.   *Wrote* v. *Wigges*, 4 *Rep.* 45. *b.*   *Holcroft's* case, cited 4 *Rep.* 46. *b.*   *The Commonwealth* v. *Cooper*, 15 *Mass. Rep.* 187.   *Hawk. P. C. lib.* 2. *c.* 23. *s.* 47.   *The State* v. *Evans*, Superior Court, *Tolland* county, 1803.

DAGGETT, J.   In support of the motion, the counsel for the prisoner relies solely on this position, *viz.* that he may *now* be

*Hartford,* indicted for a rape ; and therefore, may be *twice* punished for
June, 1828. one offence.

State
   *v.*
Shepard.    At the trial at the circuit, the only point urged, was, that the
less crime was merged in the greater,—*the attempt to commit
a rape,* merged in the *actual rape*   In support of this position,
1 *East's Crown Law,* 411. 440. was cited   It is indeed there
said, that Mr. Justice *Buller* so decided, in a case before him,
at the *Winchester Spring Assizes,* 1787.

With all deference for the opinion of that learned Judge, it is
doubtful, if the doctrine by him laid down, can be supported.
There would seem to be little reason for the acquittal of a
prisoner, because the offence *proved* is more aggravated, than
the one *charged,* if it be of the same nature ; nor, in such case,
could the prisoner have just cause of complaint—nor is this
opinion upheld by any other authority.   It is, therefore, now
abandoned in the argument, and a more rational position as-
sume ; a position, which, if well founded, is of great weight,
and ought to vacate the judgment of conviction in the court
below.   If the conviction there cannot be pleaded in bar of
an indictment for a rape, then he may be tried again ; and, as
he has already suffered, and is still enduring a punishment for
the less crime, and may be condemned and suffer for the great-
er, he may be twice punished for the same fact,—a doctrine
repugnant to well established principles of law.   I am satis-
fied, that had the prisoner been acquitted on this trial, he could
have availed himself of the acquittal, on an indictment for
rape ; and since he has been *convicted* for the *attempt,* the con-
viction is a good bar to a prosecution for a rape.

He has been convicted of an *assault, with an attempt to com-
mit a rape ;* for this he has been punished.   Of these facts he
has been found guilty ; and they must be alleged, and proved,
to convict him of a rape.   But, for these facts he cannot be
tried again ; otherwise, he might be twice punished for the
same fact.   In *The Commonwealth* v. *Cooper,* 15 *Mass. Rep.*
187. the supreme court decided, that, " where one is indicted
for a rape, and the jury cannot agree to convict him, they may
find him guilty of an assault with intent to commit a rape," as
*that* was necessarily included in the greater crime.

The law is well settled, that upon an indictment for petit
treason, in a servant's killing his master, for example, an ac-
quittal on conviction of murder for the same killing, is a good
bar.   2 *Hale's P. C.* 246.   So, if a man be acquitted upon an

indictment for murder, it is a good plea to an indictment for manslaughter of the same person ; or, *e converso,* if he be indicted of manslaughter, and be acquitted, he shall not be indicted for the same death or murder, for they differ only in degree, and the fact is the same. *Holcroft's* case, 4 *Co. Rep.* 46. *b.* So, if a person be on trial for theft, and by the proof, it should appear, that the theft was accompanied with such facts as would constitute robbery, an acquittal or conviction of the larceny, would be a bar to an indictment for robbery. The same fact of stealing, is, in both cases, the subject of enquiry, and in both cases, essential.

In this view of the case, there appears no sufficient ground for a new trial. The prisoner cannot be again indicted for the facts charged ; and had he been acquitted, it must have been a bar to any future prosecution. He therefore would escape punishment, not because he was innocent, but for the very strange reason, that he was too guilty.

The rule for a new trial, must be discharged.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

New trial not to be granted.