Birchard, J.,
dissenting. I am not able to concur in the decision just announced:
1. Because I know of no authority against the correctness of the decision of the court below, and, in the limited research which I have been enabled to make for such authority, I have discovered well-considered cases, which, in my judgment, will sustain it. 15 Mass. 187; 7 Conn. 54; 9 Conn. 259, and cases there cited.
2. The indictment charged, upon the plaintiff in error, the offense of bartering counterfeit paper, knowing it to be such. The statute defines such an offense. The proof established the facts of the guilty knowledge, and the bartering of the paper, by swapping it for Ohio paper, worth, nominally, a less sum in market. This fully made a caseol crime, as defined by the statute, and the proof sustained all the allegations of the indictment. I can not, in tho absence of any authority, and against strong authority, hold that there is any legal principle which would enable a defendant, on trial for such a crime, to defeat the state, by proving, in addition to the facts established against him, that he also intended to defraud his victim. It would have been proving his innocence by establishing a greater degree of moral turpitude, on his part, than that which was alleged against him. It would be like allowing *348 one indicted for larceny to escape punishment, by proving, that, when he stole, he also committed a burglary or robbery; or, one indicted for an attempt to commit a rape, to show that he did not make any such attempt, by establishing the fact, that he not only made the attempt, but was actually successful in the perpetration of the crime. The case cited from 7 Conn. 54, is in point. The statutes of that state define a rape, and an attempt to commit one, as two distinct and separate offenses; and, however illogical it may seem to others, the Supreme Court of Connecticut held, proof of an actual rape committed ^carried with it proof of the attempt to commit the offense; and that conviction or acquittal of the latter was a bar to any future prosecution for the former. The books appear to me to sustain them. 1 Hale P. C. 246; 4 Co. 46, b; 15 Mass. 187; 1 Leach Crown Law, 36, 88; 2 East P. C. 560; 2 Hale P. C. 302.
As I understand the law, the rule is, that in cases where an indictment is fully sustained by the facts in proof, and the facts also disclose that the defendant might, with propriety, have been indicted for a graver offense, it is discretionary with the court to allow a noil, pros., and to discharge the jury, in order to prevent the trial from barring a future prosecution, for the more aggravated offense. 1 Chit. Crim. Law, 637.
Charles Fox, for plaintiff.
Edward Woodruff, for defendant.