# FRANK NOVAK

*vs.*

# STATE OF MARYLAND.

*Criminal Law—Former Jeopardy—Inconsistent Counts—
Review on Appeal.*

A plea which is addressed to the whole of the indictment must be a sufficient answer to each count in order to be good against demurrer.                        p. 540

The fact that the two offenses may be attributable to the same occasion does not entitle the defendant to rely upon his acquittal of an assault upon one person as a bar to his prosecution for a similar attack upon a different individual.    p. 540

Where two persons in charge of a truck load of goods were robbed thereof, the failure to convict defendant on a charge of robbing one of such persons does not render him immune from prosecution for the offense of robbing the other.    p. 540

The asserted invalidity of a general verdict of guilty, as not discriminating between inconsistent counts of the indictment, one of which charged robbery and one charged the receiving of the stolen goods, cannot be considered on appeal, if this question was not raised in the lower court by motion in arrest of judgment or by any other method.                        p. 542

*Decided December 1st, 1921.*

Appeal from the Circuit Court for Baltimore County (PRESTON, J.).

Criminal proceeding against Frank Novak. From the judgment and sentence, said Novak appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Albert S. J. Owens,* with whom were *Louis Samuels* and *Saul A. Harris* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *H. Courteney Jenifer, State's Attorney for Baltimore County,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

The appellant was tried, convicted and sentenced under an indictment containing four counts, which charged that he, together with George D. Jenkins, Howard E. Dorsey and Crilley D. Bell, on August 14, 1920, in Baltimore County: (1) Robbed a certain Harrison Crowell of 1296 quarts of whiskey belonging to Zucker-Steiner and Company; (2) Assaulted Harrison Crowell with intent to rob him of certain goods and chattels of Zucker-Steiner and Company; (3) Assaulted and beat Harrison Crowell, and (4) Unlawfully received certain stolen goods and chattels of Zucker-Steiner and Company. An important question in the case is whether the court below properly sustained a demurrer by the State to a plea of former acquittal filed by the defendant. In substance the plea states that the defendant was tried and acquitted under an indictment containing four counts, which charged that he, together with George D. Jenkins, Howard E. Dorsey and Crilley D. Bell, on August 14, 1920, in Baltimore County, (1) Robbed a certain Walter Sklon of 1296 quarts of whisky belonging to Zucker-Steiner and Company; (2) Assaulted Walter Sklon with intent to rob him of certain goods and chattels of Zucker-Steiner and Company; (3) Assaulted and beat Walter Sklon, and (4) Unlawfully received certain stolen goods and chattels of Zucker-Steiner and Company. The plea alleges that the evidence produced at the trial under the indictment just referred to showed that William Harrison Crowell and Walter Sklon were in charge of a truck loaded with 250 cases of liquor belonging to Zucker-Steiner and Company, and had a break-down on the Belair Road in Bal-

timore County on or about August 14, 1920, and were then and there robbed of the liquor. It is further stated in the plea that the robbery described is the offense to which both of the indictments refer, and that the acquittal of the defendant on all the counts of the indictment previously tried precludes his trial under the present indictment, which is said to differ from the other only in the substitution of the name of Harrison Crowell for that of Walter Sklon as the person upon whom the assault and robbery were committed.

The plea is addressed to the whole of the present indictment, and it must, therefore, be a sufficient answer to each count of the indictment in order to be held good as against a demurrer. *Fox* v. *State,* 89 Md. 381; *Keller* v. *State,* 122 Md. 677. It is quite evident that as to the third count the plea is inadequate. In that count the defendant is charged with assault and battery on Harrison Crowell, while the plea refers to the defendant's acquittal under an indictment charging him with assault and battery on Walter Sklon. The fact that the two offenses may be attributable to the same occasion does not entitle the defendant to rely upon his acquittal of an assault upon one person as a bar to his prosecution for a similar attack upon a different individual. But with respect also to the first and second counts of the indictment the plea is insufficient. Its theory is that because Crowell and Sklon were both in charge of the truck from which the whisky was taken, and were both victims of the robbery, the failure to convict the defendant on a charge of robbing Sklon of the whisky renders him immune from criminal liability for a similar offense committed against Crowell at the same time and place. In support of this defense it is argued that the robbery charged in the two indictments was a single transaction involving the same persons and property and constituting but one offense against the State. If the defendant had been charged in each instance simply with the larceny of the whisky mentioned in the two indictments, the contention now made in his behalf would have greater force. But the

larceny was only one of the elements of the robbery of which
the defendant has been convicted. He was charged with
feloniously assaulting a named individual and taking the
whisky from him against his will. It is no answer to such
a charge to say that he had been previously acquitted of hav-
ing taken the whisky from another person on the same occa-
sion. The robbery charged in the present indictment as hav-
ing been committed upon Crowell is the occurrence with,
which the State is here concerned. The evidence upon which
the defendant was convicted of that crime might have been
wholly insufficient to implicate him in the robbery of Sklou
for which he was tried in the former case. As suggested by
the Attorney General in his brief, the evidence in the first
trial may have shown that the two men in charge of the dis-
abled truck were at some distance from each other and were
assaulted separately, and "the identity of the accused as one
of those who attacked Sklon may not have been satisfactorily
established, whereas his identity as one of those who attacked
Crowell may have been abundantly proved." The plea is
not inconsistent with such a theory.

It thus appears that there are counts in the indictment in
this case to which the plea, directed to the indictment as a
whole, makes no effective answer, and consequently we must
hold that the demurrer to the plea was rightly sustained.

The case was submitted for trial by the court below with-
out a jury, and a general verdict of guilty was rendered, and
upon it was based the judgment from which the defendant
has appealed. It has been argued in this Court that the ver-
dict is invalid because it does not discriminate between the
count of the indictment charging robbery and that accusing
the defendant of receiving stolen goods. A general verdict
on these counts is said to be inconsistent in law and hence
not a proper basis for the judgment. It does not appear that
this question was raised in the court below by a motion in
arrest of judgment or by any other method. In *Mitchell* v.
*State,* 82 Md. 531, this Court held that, under the provi-

sion of the Code (art. 5, sec. 80), "when an appeal is taken in a criminal case, the proceedings are to be the same as in a civil case." It was observed that by the express terms of the statute law the Court of Appeals "in a case on the civil side of the docket is prevented from deciding any point or question which does not plainly appear by the record to have been tried and determined in the court below. Code, art. 5, sec. 9. The point must be made, and in a case requiring an exception, a bill of exceptions must be taken." Reference was then made by the Court to the case of *Cushwa* v. *Cushwa's Lessee,* 5 Md. 54, where there was a verdict in ejectment for five hundred dollars damages, and judgment on the verdict, and where it was said in the opinion: "Because the verdict gave five hundred dollars damages, it is contended that inasmuch as no such damage could be legally given in an action of ejectment, the judgment is erroneous, although in accordance with the verdict, and therefore should be reversed. But no question on this subject was raised below, and no motion in arrest of judgment having been made, the act of 1825, ch. 117, (Code, art. 5, sec. 9), will not allow such a question to be raised in this Court." It was held in *Standard Horseshoe Co.* v. *O'Brien,* 88 Md. 335, that while the verdict was irregular, yet as no motion in arrest of judgment had been filed, the question coud not be made the subject of appellate review.

None of the evidence produced at the trial below is set forth in the record, and we are, therefore, not informed as to whether any of it related to the count which charged the defendant with receiving stolen goods. In 16 *C. J.* 1108, note, it is said: "One cannot be convicted of robbery and also of receiving the goods which were the subject of the robbery; and where the evidence leaves it in doubt of which of these offenses defendant is guilty, a general verdict of guilty must be set aside. *Tobin* v. *People,* 104 Ill. 565; *Commonwealth* v. *Haskins,* 128 Mass. 60."

The evidence in the case at bar may have been directed exclusively to the robbery count of the indictment, and that

relating to the receipt of stolen goods may have been ignored both by the prosecution and the defense as immaterial. If the general verdict was supposed to be improper because of the presence of the latter count in the indictment, the trial court could have determined the question in the light of the evidence upon which it rendered the verdict. A conviction on either the robbery count or that charging the receipt of stolen goods would support the sentence imposed. But the question not having been raised below, we find no just reason, under the conditions presented, to make it the basis for the award of a new trial.

*Judgment affirmed, with costs.*