THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAM RAPPAPORT, Defendant.

County Court, Bronx County, April 21, 1955.

*Sidney E. Friedman* for defendant.

*Daniel V. Sullivan, District Attorney* (*David Getzoff* of counsel), for plaintiff.

LYMAN, J. The defendant was indicted for attempted grand larceny, first degree in that on the 1st day of November, 1954, he attempted to defraud the complainant Royal Indemnity Company of the sum of $1,000.

On the trial of the indictment and upon completion of the People's proof, the defendant has moved for a dismissal of the charge on the basis of the evidence adduced, urging that the crime alleged has not been established against him.

The arresting officer testified that in response to a call from the defendant, the owner of a candy store and luncheonette, he was told by him that he had been held up in his store by two persons, one of whom was armed with a revolver, and the sum of $1,000 taken from him. He asked the officer to put in a good report as he intended to file a claim of loss with his insurance company.

In the course of his investigation the officer found $898, in various denominations, hidden in the glove compartment of the defendant's car. Under police interrogation the defendant admitted that his story of an alleged robbery was a fabrication concocted by him for the purpose of collecting on his insurance policy. He was therefore placed under immediate arrest.

In support of his motion for a dismissal of the indictment, the defendant contends that despite his conceded criminal intent to defraud, the evidence fails to establish any overt act effectuating such intent, as required by law to sustain the charge against him.

Section 2 of the Penal Law defines an attempt to commit a crime as " An act, done with intent to commit a crime, and tending but failing to effect its commission ". The law is well settled, in an interpretation of this section, that an attempt to commit a crime is established only upon proof of an intent to commit the crime charged followed by an overt act to effect the crime but failing in its commission through timely interruption. As stated by the Court of Appeals in *People* v. *Rizzo* (246 **N. Y.** 334), the overt act must be one which is so near to the accomplishment of the commission of the crime that the crime itself would have been committed but for timely interference.

Applying this principle of law to the facts of the instant case it must appear from the evidence adduced, in order to sustain the indictment, that the defendant's acts so irrevocably committed him to the scheme of defrauding his insurance company that his purpose would have been accomplished save for his arrest. The evidence, however, although proving the defendant's criminal intent falls short of establishing the necessary overt act contemplated by law. Until such time as the defendant

filed a proof of loss, under his insurance policy, for indemnification thereunder, he was in a position to change his mind with respect to such filing.

This court therefore finds that the secreting by the defendant of his own money in the amount of $898 and his false reporting of its theft to the police constitute acts performed solely in preparation of his filing a fraudulent claim; that only the completion of such filing would bring him to a nearness of fulfillment of the crime sought to be committed by him so as to make him accountable for his nefarious scheme. The defendant's motion must accordingly be reluctantly granted. The indictment is hereby dismissed and the defendant discharged from custody.