# RICHARD LEE PRICE AND RICHARD JAMES STEWART *v.* STATE OF MARYLAND

[No. 76, September Term, 1967.]

*Decided February 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Elsbeth Levy Bothe* for appellants.

*Charles C. Grice, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Elliott Goldberg, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellants were tried together on two indictments returned against them jointly in the Criminal Court of Baltimore before Judge J. Harold Grady presiding without a jury. Indictment No. 5705 contained seven counts: (1) robbery with a deadly weapon; (2) attempted robbery with a deadly weapon; (3) robbery; (4) assault with intent to rob; (5) assault; (6) grand larceny; (7) receiving stolen goods. Indictment No. 5706 contained three counts: (1) larceny of an automobile; (2) receiving the stolen automobile; (3) unauthorized use of the automobile. Each was found not guilty of receiving stolen goods charged by the seventh count of indictment No. 5705 and "guilty generally as to all other counts." Each was found guilty of unauthorized use of the automobile charged by the third count of indictment No. 5706. Each was sentenced to imprisonment for a term of 20 years on the convictions under indictment No. 5705 and for a term of 4 years on the conviction under indictment No. 5706, concurrent with the first sentence.

The only contention raised on appeal is that the evidence was not sufficient to sustain the convictions under indictment No. 5705.[1]

On November 4, 1966, Robert Meals, the night manager of

---

1. The appellants state in their brief that they "cannot effectively contest the trial court's finding that they were guilty of un-

the Holiday Inn East located at 3600 Pulaski Highway in Baltimore City, while at work about 1:00 A.M. was "getting ready to call a cab" for one of the guests. He heard the front door close and, turning around, saw two men approaching the entrance to the desk. Each was carrying a gun. One of the men, who Meals was unable to identify, because he did not see his face, ordered the bellhop, Alan Hicks, to lie on the floor. Hicks identified this man as Price. At the direction of Price, Meals opened the cash register and handed him $323 in bills and change. Price asked where the safe was and upon being told it was locked in the manager's office forced Meals to get the key, open the safe and hand him a cloth bag containing $1166 which was in the safe. During this time, the other man, who Meals identified as Stewart, "was holding the gun on Mr. Hicks." During his testimony Hicks said that Price was wearing a long black weather-proof coat. While the robbery was in progress two police officers arrived at the scene on a routine check. They saw a man standing in the doorway leading to the reception desk and then walk to the passage leading to the back entrance of the building. They backed the police car to the rear entrance and two men ran out and, disobeying an order to stop, ran to a dark sedan automobile parked in the rear street. One, who was wearing a long dark coat, jumped into the driver's seat and the other, who appeared to be carrying a weapon and was identified by one of the officers as Stewart, was getting in the passenger side when the officer, having fired two warning shots, "fired another shot or two directly at him." The car sped away and the officer fired another shot which shattered the rear window. The automobile was found abandoned "the next morning" in an alley in the rear of the 400 block Patterson Park Avenue.

On November 16, 1966, police officers from Baltimore County and Baltimore City engaged in a high speed chase of an automobile proceeding south on Loch Raven Boulevard. At Asquith

---

authorized use of the automobile involved in Indictment No. 5706. There was proof that the automobile was taken without permission; Appellants were apprehended in the vicinity of the place where it had been abandoned after a chase, and the court chose to believe the testimony of a pursuing police officer identifying them as the occupants of the car." We agree.

and Hoffman Streets the automobile was involved in a collision and three men jumped out and ran. One police officer identified two of the men who ran as the appellants and they were. arrested shortly afterwards by another police officer as they were coming out of an alley in the rear of Asquith Street. The appellants presented no defense to the charges arising from this incident. Eight witnesses were produced by the defense in an endeavor to show that the appellants were elsewhere at the time of the robbery.

In reviewing the sufficiency of the evidence in a non-jury case, this Court determines whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *McFadden v. State,* 1 Md. App. 511. We have no difficulty in determining that the evidence was so sufficient. Identification of the accused by a single eyewitness has been held sufficient to sustain a conviction. *Crumb v. State,* 1 Md. App. 98. The weight to be given a courtroom identification is a matter for the trial court. *Hutchinson v. State,* 1 Md. App. 362. The credibility of the witnesses is for the consideration of the trier of the facts, *Borman v. State,* 1 Md. App. 276, and alibi testimony is to be weighed by the trial judge who is not required to accept its truthfulness, *Logan v. State,* 1 Md. App. 213. The evidence was sufficient to prove the *corpus delicti* and the identity of the appellants as the criminal agents. Therefore, the judgments of the trial court on the evidence were not clearly erroneous and will not be set aside for that reason. Md. Rules 1086.

The general verdict of guilty under indictment No. 5705 convicted the appellants on each of the first six counts (a not guilty verdict being rendered on the seventh count). *Manning v. State,* 2 Md. App. 177. The conviction under the second count, charging attempted robbery with a deadly weapon, was inconsistent with the conviction under the first count, charging robbery with a deadly weapon. *Tender, etc. v. State,* 2 Md. App. 692. Having been convicted of committing robbery with a deadly weapon, the appellants cannot be found to have failed to commit it, which is a necessary ingredient in the proof of attempt. *Boone v. State,* 2 Md. App. 80, 114-115. Inconsistent verdicts of guilty under different counts of the same indictment, when both counts

depend upon the same alleged acts, cannot stand. *Johnson, etc. v. State,* 238 Md. 528, 541. The judgments on the second count must be reversed.

Under the modern concept of the doctrine of merger of offenses, followed by this Court, the test is whether one crime necessarily involves the other. See *Tender, etc. v. State, supra.* By the application of the doctrine to facts of the instant case, each of the offenses of robbery (third count), assault with intent to rob (fourth count), assault (fifth count) and grand larceny (sixth count) merged into the offense of robbery with a deadly weapon (first count) upon the conviction of each appellant of that greater offense. The judgments under the third, fourth, fifth and sixth counts must be vacated.

The sentence as to each appellant was a general one, covering the convictions under each of the six counts. It appears that the court, as to each appellant, passed judgment on the first count charging the more serious offense, as is common practice in this State. See *Berger v. State,* 179 Md. 410, 415. As it did not exceed the maximum authorized by Md. Code (1967 Repl. Vol.), Art. 27, § 488 for robbery with a deadly weapon, the reversal of the judgments under the second count and the vacating of the judgments under the third, fourth, fifth and sixth counts do not invalidate the general sentence imposed.

> *As to each appellant: under indictment No. 5705: judgment as to the first count affirmed; judgment as to the second count reversed; judgments as to the third, fourth, fifth and sixth counts vacated as merging into the first count. Under indictment No. 5706: judgment affirmed.*