## PERRY LEROY McDUFFIE *v.* STATE OF MARYLAND

[No. 609, September Term, 1970.]

*Decided June 11, 1971.*

The cause was argued before ORTH, THOMPSON and MOYLAN, JJ.

*Jerold H. Fishman* for appellant.

Note: *Certiorari* denied, Court of Appeals of Maryland, October 19, 1971.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Robert H. Mason, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Perry Leroy McDuffie, was indicted by the Grand Jury for Prince George's County under an eight-count indictment. Those counts charged, respectively: 1) robbery with a dangerous and deadly weapon, 2) attempted robbery with a dangerous and deadly weapon, 3) assault with intent to rob, 4) robbery, 5) attempted robbery, 6) assault, 7) openly carrying a dangerous weapon with the intent of injuring a person, and 8) shooting with intent to maim. The case went to trial before a jury, presided over by Judge William H. McCullough. At the end of the State's case, a defense motion for a judgment of acquittal was granted as to the eighth count. At the conclusion of the entire case, the remaining seven counts were submitted to the jury. The jury returned a verdict of guilty as to each count. Appellant's counsel, in a bench conference, asked for a mistrial on the ground that the convictions of attempted robbery with a deadly weapon under the second count and of attempted robbery under the fifth count were inconsistent with the rest of the verdict. The judge discharged the jury and directed the clerk to enter findings of not guilty on all counts but the first count. The court expressed the feeling that counts two through seven were lesser-included counts that merged into the conviction under the first count.

In *Boone v. State,* 2 Md. App. 80, 114-115, this Court took the position that a necessary element in the crime of attempt is the failure to consummate the greater crime which was being aimed at. See also *Tender v. State,* 2 Md. App. 692, 698-699; *Price v. State,* 3 Md.

App. 155, 159-160. Under the holding of those cases, a conviction for attempt would be inconsistent with a conviction for the consummated crime. The jury verdict with respect to the second and fifth counts was, therefore, inconsistent with the rest of its verdict.

It is unquestionably true, as was stated by the Court of Appeals in *Heinze v. State,* 184 Md. 613, that "it is the safer practice to send the jury back to their room with instructions as to the corrections that ought to be made, so that they can amend the verdict as they think proper unhindered by the presence and possible influence of others." It is clear that in the case now before us, the better procedure would have been for the trial judge to have asked the jury to return to the jury room and, if they were indeed intent upon returning a verdict of guilty under the first count charging robbery with a dangerous and deadly weapon, then to return verdicts of not guilty on the other counts—because of merger with respect to counts 3, 4, 6, and 7 and because of inconsistency with respect to counts 2 and 5. A common-sense review of what transpired, however, permits of no other conclusion than that the jury found the appellant guilty under the most major count—robbery with a dangerous and deadly weapon—and then, subsidiarily but erroneously, concluded that all of the other counts were lesser-included constituent parts of the major count and that a finding of guilt thereon was logically compelled. In determining the effect of this mistake, we are guided by the philosophy expressed in *Heinze v. State, supra,* at 619:

"However, if the defendant is not prejudiced, the verdict may be amended in substance in open court under the direction of the judge, provided that the jury assent to the verdict as amended. *State v. Burrell,* 120 N.J.L. 277, 199 A. 18; *Burton v. Commonwealth,* 109 Va. 800, 63 S. E. 464; *Pehlman v. State,* 115 Ind. 131,

17 N. E. 270; *Clark, Criminal Procedure,* 2d Ed.,
565. If no harm has been suffered by the defendant, the Court of Appeals will go far in sustaining the action of the trial court in correcting a defective verdict in the presence of the jury. *Williams v. Commonwealth,* 153 Va. 987, 151 S. E. 151. Chief Justice Paxson said in a Pennsylvania case: 'There was a time in the history of the English criminal law when great crimes were left unpunished because of harmless, technical errors. This greater strictness was perhaps due to the fact that at that period the Criminal Code was especially bloody. Capital punishment was inflicted for very trifling offenses; and, it may be, the judges sought to ameliorate its rigor by holding the crown to the observance of the nicest technicalities. * * * With the advancement of judicial science, and a more enlightened administration of the law, mere technicalities are less regarded, where they work no harm to a defendant.' *Appeal of Nicely,* 130 Pa. 261, 18 A. 737, 739."

To forestall any danger of multiple convictions and multiple sentencing on either the lesser-included or the inconsistent counts, the trial judge promptly directed the clerk to enter verdicts of not guilty on counts 2 through 7. The appellant was sentenced only upon the first count, of which the jury obviously found him to be guilty. We feel that he, thereby, suffered no prejudice.

In *Bell v. State,* 220 Md. 75, inconsistent convictions for larceny and receiving stolen goods were handed down by the trial judge, sitting without a jury. The Court of Appeals found that the verdict was defective. It, however, affirmed the decision of the lower court on two grounds. It held first that "since the question was not raised below in any manner, it may be that the defendant waived the inconsistency." That holding of possible

waiver would afford little comfort to the State in the case at bar, since there clearly was no waiver. In *Bell*, however, the Court went on to state, at 81:

> "In any event, the court passed but one sentence of a year's duration and then provided that it should run concurrently with the previous sentence of three years for the receiving and unauthorized use of the automobile referred to in the first indictment. Since it does not appear that the defendant has been prejudiced [*Heinze v. State, supra*] by the rendition of inconsistent verdicts under the second indictment, we see no reason to make such inconsistency the basis for a remand of the case for further proceedings or a new trial. *Novak v. State,* 139 Md. 538, 115 A. 853 (1921)."

The court there explicitly noted that if the trial court "had passed sentence on both of the inconsistent counts, a different question would be raised."

In the case at bar, not only was the appellant convicted and sentenced upon the single count of robbery with a dangerous and deadly weapon, but he could have received the same sentence for attempt, as well, had the conviction been upon either of the attempt counts.

In *Hardesty v. State,* 223 Md. 559, the trial court, again without a jury, handed down an inconsistent verdict, finding guilt of both larceny and of receiving stolen goods. The Court of Appeals pointed out very explicitly what proper procedure should have been:

> "There can be little doubt that the proper practice calls for a specific verdict upon each count of an indictment that contains inconsistent counts, unless a general verdict of 'not guilty' be rendered. In fact, the State rightly concedes that a general verdict of 'guilty' upon such an indictment is defective, and the defendant may

require the trier of facts—in this case, the trial
judge—to specify on which counts the defen-
dant has been found guilty." p. 562.

In nevertheless affirming the decision, the Court re-
lied, in part, on waiver. It also went on to point out, how-
ever:

"In the instant case, the trial judge imposed but
one sentence, which is below the maximum
permitted by any one of the four counts now
under consideration; hence no prejudice re-
sulted to the defendant by reason of the general
verdict. *Novak v. State; Bell v. State,* both
*supra.*" p. 562.

The same situation applies in the case at bar. The same
sentence could have been imposed for either the consum-
mated offense or for the attempt.

In *Boone v. State, supra,* this Court was dealing with
inconsistent jury verdicts finding guilt of both the con-
summated crime of armed robbery and the attempt to
perpetrate that crime. In refusing to overturn the con-
victions, we relied primarily on the waiver of any
objection but pointed out, as well, that there was no
prejudice to the appellant. We said, at 117:

"Although we feel the better practice, under the
holdings in *Heinze v. State,* 184 Md. 613, 617-
19, 42 A. 2d 128 (1945), would have been for the
trial judge to direct the jury to return to the
jury room to correct what was patently an in-
consistency in the verdict announced by them,
in the absence of a Motion in Arrest of Judg-
ment or a request for a correction of the record,
this contention is not properly before us. Here,
as in *Bell,* only one sentence was imposed which
was within the penalty prescribed by Art. 27,
Sec. 488, *supra,* for *either* of the offenses; there
was no prejudice to the Appellant."

In both *Tender v. State, supra,* and *Price v. State, supra,* inconsistent verdicts were handed down by trial judges, sitting without juries. In each case, there was a verdict finding guilt for the consummated crime of armed robbery and also for the attempt to commit that crime. In neither case did we permit ourselves to be boxed into the logical absurdity of holding that the fact-finder had somehow concluded, beyond a reasonable doubt, both that the defendant had completed the crime and also that he had failed to complete the crime. In each case, recognizing the error for what it was, we simply reversed the judgment of guilt as to the count charging the attempt.

Although, in the case at bar, it would unquestionably have been the better practice for the trial judge to have resubmitted the inconsistent verdicts to the jury in order to have permitted them to resolve any apparent conflict while they were still available to do so, we cannot say that the trial judge committed prejudicial error in taking those very corrective measures which we should have felt compelled to take, had he not already taken them for us.

The appellant also contends that his inculpatory statement was erroneously admitted into evidence against him. He admits that he received his full *Miranda* warnings, including the right to have a lawyer appointed for him. The testimony of Detective Crump of the Prince George's County Police Department was very explicit that the appellant did receive all such *Miranda* warnings, did understand them and did intelligently waive them. Without making a very explicit contention as to any one factor, the appellant relies upon a combination of factors such as his tender age, the pain that he was in from a wound to his buttock and the fact that he had been in a hospital for six days prior to the day on which he gave his statement. The appellant was 17 years of age. That fact would not vitiate an otherwise voluntary statement. *Miller v. State,* 251 Md. 362, 379; *Harris v. State,* 1 Md.

App. 318. Nor would the fact that the appellant had been in the hospital and may have still been in some pain vitiate an otherwise voluntary statement. *Spell v. State,* 7 Md. App. 121.

In ruling on the admissibility of the statement, the trial judge found:

> "The Court finds that the defendant had all of his mental faculties at the time he gave a partial oral statement and a partial written statement to Officer Crump. But the Court also finds from the testimony as a whole that the handling of the case by Officer Crump from the beginning indicated a sense of fair play on his part in the manner in which he handled the identification of the photographs by the various witnesses by excluding each of them from the room, bringing them in separately; by the manner in which the line-up was set up with the attorneys there and again excluding witnesses, keeping them segregated from one another; bringing them in one at a time; from his testimony that he did not make any promises or threats to this defendant for the purpose of making a statement or an admission or a confession.

> The Court has to conclude and does conclude that this confession or admission made by this defendant was not induced or coerced by any threats of reward or punishment by Officer Crump and that it is admissible."

We cannot say that he was wrong in so finding.

*Judgment affirmed.*