## LIGHTFOOT v. STATE OF MARYLAND

[No. 126, September Term, 1975.]

*Decided July 16, 1976.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Howard L. Cardin* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The question here is whether a criminal defendant may properly be convicted of *attempted* armed robbery upon evidence clearly establishing a consummated armed robbery.

On January 20, 1972, at approximately 8:30 p.m., Beulah Dorsey, employed as an assistant manager of the Gwynn Oak Fabric Center, a laundromat in Baltimore, Maryland,

was working in the laundry room when three men entered. A few minutes later, she advised the men that they could not stay in the store; at this point, one of them questioned her about cleaning his coat. Shortly thereafter one of the men approached her and, according to her testimony, "poked a gun in my stomach and I went towards the cash register. I knew what he wanted." The man told her not to panic or run, to take it easy and give him the money.

Mrs. Dorsey accompanied the man to a back room where she gave him $77.00 from the cash register and desk drawer, together with $13.00 from her own pocketbook. He then placed the money into a bag. During this time one of the two remaining men was standing near the laundromat's security guard and the other was standing with two customers. Both of these men also displayed guns. Mrs. Dorsey, the security guard and the two customers were then herded into a rear bathroom and told to remain there for fifteen minutes.

Three hours later, Police Officer Birch, having heard a report over the police radio of the laundromat robbery, observed three men, one of whom matched the description of a participant in the robbery. After requesting a more detailed description of the alleged perpetrators, as well as additional police assistance, Officer Birch entered a tavern where the men had gone. The officer asked one of the men, who was the petitioner Thomas Lightfoot, to come outside, where he requested identification from him. As Lightfoot responded to the request for identification, the officer noticed a bulge in his pocket. A subsequent search of Lightfoot's person produced an automatic pistol, and he was then placed under arrest.

Lightfoot was subsequently tried before a jury in the Criminal Court of Baltimore on charges of, *inter alia,* robbery with a dangerous and deadly weapon, attempted robbery with a dangerous and deadly weapon, and carrying a concealed weapon. At the trial, Mrs. Dorsey positively identified Lightfoot as one of the three armed robbers, although not the one who held a pistol to her stomach. The security guard identified Lightfoot as being one of the three gunmen but believed that he was the one who had held the

gun on Mrs. Dorsey. One of the customers identified Lightfoot as the one who "was standing there and told us to keep quiet and no one would get hurt."

Lightfoot was convicted of attempted robbery with a dangerous and deadly weapon, for which he was sentenced to a term of fifteen years, and of carrying a concealed weapon, for which he received a concurrent term of two years.

Upon appeal to the Court of Special Appeals, one of the grounds for reversal urged by Lightfoot was that "since the State's evidence established a consummated armed robbery, he could not be convicted of attempted armed robbery." The Court of Special Appeals, however, affirmed his conviction, holding in an extensive opinion by Judge Moore that an accused, charged with both a crime and an attempt to commit it, may be acquitted of the crime and yet convicted of the attempt where the evidence establishes that the crime was in fact committed. *Lightfoot v. State*, 25 Md. App. 148, 334 A. 2d 152 (1975).

We granted Lightfoot's petition for a writ of certiorari in this case, limited to the only question raised in the petition, namely the validity of an attempt conviction upon evidence establishing a consummated crime.[1]

It is often stated that failure to consummate the crime is one of the essential elements of a criminal attempt.[2] If this

---

1. In neither the Court of Special Appeals nor in this Court has Lightfoot challenged his concealed weapon conviction based upon carrying a concealed *handgun*, and we therefore have not considered that conviction. *See*, however, Code (1957, 1976 Repl. Vol.), Art. 27, § 36 (4).

2. Franczkowski v. State, 239 Md. 126, 127, 210 A. 2d 504 (1965); Wiley v. State, 237 Md. 560, 564, 207 A. 2d 478 (1965); United States v. Baker, 129 F. Supp. 684 (S.D. Cal. 1955); Miller v. State, 37 Ala. App. 470, 70 So. 2d 811 (1954); People v. O'Bryan, 132 Cal. App. 496, 23 P. 2d 94 (1933); Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Hammond v. State, 47 Ga. App. 795, 171 S.E. 559 (1933); Nider v. Commonwealth, 140 Ky. 684, 131 S. W. 1024 (1910); State v. Bliss, 80 S.W.2d 162 (Mo. 1935); State v. Swan, 131 N.J.L. 67, 34 A. 2d 734 (1943); State v. Jones, 227 N. C. 402, 42 S.E.2d 465 (1947); Ervin v. State, 351 P. 2d 401 (Okla. Crim. App. 1960); Commonwealth v. Myers, 131 Pa. Super. 258, 200 A. 143 (1938); Preddy v. Commonwealth, 184 Va. 765, 36 S.E.2d 549 (1946); 1 Anderson, *Wharton's Criminal Law and Procedure*, §§ 71, 77 (1957); 1 Bishop, *Criminal Law* § 729 (1923); Hochheimer, *A Manual of American Criminal Law* § 194 (1911); 22 C.J.S. *Criminal Law* § 75 (1) (1961).

In some jurisdictions, this is the result of statutory provisions. *See* State v. Bereman, 177 Kan. 141, 276 P. 2d 364 (1954); People v. Rappaport, 142 N.Y.S.2d 125 (1955); State v. Maresch, 75 N. D. 229, 27 N.W.2d 1 (1947); State v. Leach, 36 Wash. 2d 641, 219 P. 2d 972 (1950).

be so, it logically follows that if the uncontradicted evidence establishes the consummated crime, there can be no conviction for attempt, and the courts of several states have so concluded. *See Hill v. State,* 27 Ala. App. 160, 167 So. 606 (1936); *People v. Stanton,* 106 Cal. 139, 39 P. 525 (1895); *Lewis v. People,* 124 Colo. 62, 235 P. 2d 348 (1951); *Haney v. State,* 64 Ga. App. 396, 13 S.E.2d 384 (1941); *Chastain v. State,* 62 Ga. App. 192, 8 S.E.2d 680 (1940); *People v. Cosad,* 253 App. Div. 104, 1 N.Y.S.2d 132 (1937). *See also People v. Lardner,* 300 Ill. 264, 133 N.E. 375, 19 A.L.R. 721 (1921) (based upon the wording of an Illinois statute then in effect), and *compare People v. Wallace,* 57 Ill. 2d 285, 312 N.E.2d 263 (1974).

On the other hand, a majority of jurisdictions permit a conviction of attempt upon evidence showing a completed crime. *State of Connecticut v. Shepard,* 7 Conn. 54 (1828); *United States v. Fleming,* 215 A. 2d 839 (D.C. App. 1966); *Lewis v. State,* 269 So. 2d 692 (Fla. Dist. Ct. App. 1972); *Territory v. Wong Pui,* 29 Haw. 441 (1926); *Crump v. State,* 259 Ind. 358, 287 N.E.2d 342 (1972); *State v. Fox,* 159 N.W.2d 492 (Iowa 1968); *Commonwealth v. Gosselin,* 309 N.E.2d 884 (Mass. 1974); *People v. Lovett,* 396 Mich. 101, 238 N.W.2d 44 (1976); *People v. Bradovich,* 305 Mich. 329, 9 N.W.2d 560 (1943); *People v. Baxter,* 245 Mich. 229, 222 N. W. 149 (1928); *Hill v. State,* 521 S.W.2d 253 (Tex. Cr. App. 1975); *Nielson v. State,* 437 S.W.2d 862 (Tex. Cr. App. 1969); *Martinez v. State,* 161 Tex. Cr. R. 494, 278 S.W.2d 156 (1955); *State v. Collins,* 108 W. Va. 98, 150 S.E. 369 (1929).[3]

In *State v. Fox, supra,* 159 N.W.2d at 495, quoting from *State v. Mahoney,* 122 Iowa 168, 97 N. W. 1089, 1091 (1904), the Supreme Court of Iowa set forth the rationale for permitting an attempt conviction upon evidence establishing the consummated offense:

" 'In a sense the commission of an offense involves

---

3. In other jurisdictions, the same result is reached by statute. People v. Horn, 25 Cal. App. 583, 144 P. 641 (1914); State v. Patterson, 259 La. 508, 250 So. 2d 721 (1971); State v. Benson, 91 Mont. 21, 5 P. 2d 223 (1931); State v. Mathis, 47 N. J. 455, 221 A. 2d 529 (1966); State v. Harvey, 119 Ore. 512, 249 P. 172 (1926); State v. Rowe, 60 Wash. 2d 797, 376 P. 2d 446 (1962); People v. Wallace, *supra.*

an attempt to commit it. It may not be a degree of the main offense, nor be necessarily included therein, so as to require the court to charge with reference thereto in every case where the commission of an offense is charged. But, as the greater includes the less, it is manifest that in every case where an attempt is charged proof of the actual commission of the offense establishes the attempt. If the offender actually commits the offense, he necessarily attempted to to it, and proof of the commission of the actual offense does not constitute a variance.' "

The Indiana Supreme Court in *Crump v. State, supra,* 287 N.E.2d at 345, emphasized that:

"It should make no difference whether the criminal conduct is successful or unsuccessful when determining an included offense. The conduct is the same in both cases; the actor's intent is the same in both cases."

And *see United States v. Fleming, supra,* 215 A. 2d at 840, 841, where the court, criticizing the authorities which would not permit an attempt conviction based upon evidence of a completed crime, pointed to "the anomalous situation of a defendant going free 'not because he was innocent, but for the very strange reason, that he was too guilty.' " *See,* in addition, *State of Connecticut v. Shepard, supra,* 7 Conn. 54.

Professor Perkins has set forth an excellant critique of the view that non-consummation of the offense is a necessary element of attempt, pointing to one absurd result if such view were carried to its logical conclusion (R. Perkins, *Criminal Law,* 552-554 (2d ed. 1969)):

"Much of the discussion and many of the definitions point to failure as of the very essence of a criminal attempt, but there is no factual background for such an approach. In the area of wrongdoing, as in the realm of law-abiding conduct, some attempts fail while many others are successful. Furthermore, nothing in the

philosophy of juridical science requires that an attempt must fail in order to receive recognition. A successful attempt to commit a crime will not support two convictions and penalties, — one for the attempt and the other for the completed offense. This is for the obvious reason that whatever is deemed the appropriate penalty for the total misconduct can be imposed upon conviction of the offense itself, but this does not require the unsound conclusion that proof of the completed offense disproves the attempt to commit it.... Suppose in ... a trial the uncontradicted evidence shows beyond doubt that defendant attempted to commit the offense charged, but there is conflict in the testimony as to whether the attempt succeeded or failed. Some of the statements on the subject, if carried to their logical conclusion, would entitle the defendant to an instruction which would tell the jury in substance: (1) they must acquit the defendant of the completed offense unless satisfied beyond a reasonable doubt that the attempt was successful; (2) they must acquit the defendant of an attempt to commit the offense unless satisfied beyond a reasonable doubt that the attempt failed. In other words the position would be that defendant is entitled to a verdict of not guilty if there is doubt in regard to success or failure although no doubt that the attempt was made. There is no proper basis for such a position, and probably no court would carry the unsound notion to such an absurd extreme.

"Where guilt is clear but there is doubt as to which of two grades or degrees the rule is not that defendant must be acquitted, but that conviction must be of the lower grade or degree. The same rule should apply in regard to an attempt to commit the offense charged. The attempt is a lower grade or degree of the offense

because it is a part of it. It is not something separate and distinct." [4]

This Court on two occasions has set forth the elements of an attempt to commit a crime as consisting of "an intent to commit it, the doing of some act towards its commission, *and the failure to consummate its commission.*" (Emphasis supplied.) *Franczkowski v. State,* 239 Md. 126, 127, 210 A. 2d 504 (1965); *Wiley v. State,* 237 Md. 560, 563-564, 207 A. 2d 478 (1965).[5] However, neither *Franczkowski* nor *Wiley* involved any issue concerning the asserted third element of non-consummation of the offense, and the language in this regard was dicta. Moreover, there was no discussion in those two cases regarding the relative merits of treating the failure to complete the crime as an indispensable element of attempt.

The better view, we believe, is the one adopted by the Court of Special Appeals in the instant case, by the majority

---

4. Perkins also suggests that the view that non-consummation is an element of attempt may have been derived from the English common law doctrine of merger of offenses, without "any thought that the law of criminal attempt requires failure." (*Id.* at 554.) As Perkins points out, at common law an attempt to commit an indictable offense was punishable as a misdemeanor. In addition, misdemeanors and felonies could not be joined in the same indictment because their manner of trial was so different, "[a]nd the rule developed that if the same act resulted in both a misdemeanor and a felony the former was merged in the latter." (*Ibid.*) Therefore, an attempt to commit a felony was merged into that felony if the attempt was successful, and there could be no conviction of the attempt. This result would not obtain if both the attempt and the completed crime were either felonies or misdemeanors, since in that situation no merger of the attempt into the consummated crime would result. However, Perkins speculates, because during much of the common law's early development the law of attempt concerned attempted felonies, "there was considerable opportunity to overlook the fact that the failure to convict of an attempt which was shown to have been successful was due to the general doctrine of merger and not to any unusual requirement in the law of attempt." (*Id.* at 555.) *See also* Perkins, *Criminal Attempt and Related Problems,* 2 U.C.L.A. L. Rev. 319, 320-325 (1954).

Of course, this common law doctrine of merger is no longer in effect in Maryland. Code (1957, 1976 Repl. Vol.), Art. 27, § 607; Veney v. State, 227 Md. 608, 613, 177 A. 2d 883 (1962), and cases there cited.

5. The Court of Special Appeals has similarly stated in the past that non-consummation of the crime is an element of a criminal attempt. Maloney v. State, 17 Md. App. 609, 636, 304 A. 2d 260 (1973); McDuffie v. State, 12 Md. App. 264, 266, 278 A. 2d 307 (1971); Wiggins v. State, 8 Md. App. 598, 604, 261 A. 2d 503 (1970); Reed v. State, 7 Md. App. 200, 203, 253 A. 2d 774 (1969); Price v. State, 3 Md. App. 155, 159, 238 A. 2d 275 (1968); Tender v. State, 2 Md. App. 692, 698, 237 A. 2d 65 (1968); Boone v. State, 2 Md. App. 80, 114, 233 A. 2d 476 (1967).

of other jurisdictions, and by Professor Perkins, that failure to consummate the crime is not an indispensable element of criminal attempt. The language in *Franczkowski* and *Wiley* to the contrary is disapproved.

Consequently, where a defendant is charged with both the crime and the attempt to commit it, and where he is acquitted of the crime and convicted of the attempt, the attempt conviction may stand even though the evidence established that the crime was fully consummated.

*Judgment affirmed.*
*Petitioner to pay costs.*