502 A.2d 1068

**Mary Ann CAMPOLATTARO**

v.

**Alfonso A. CAMPOLATTARO.**

**No. 441, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 13, 1986.

Tobey Glee Brehm (Bernard F. Goldberg on brief), Ellicott City, for appellant.

Nancy G. Boswell (Joel Marc Abramson, and Talkin and Abramson on brief), Columbia, for appellee.

Argued Before MOYLAN, KARWACKI and ROBERT M. BELL, JJ.

BELL, ROBERT M., Judge.

This is an appeal and cross-appeal from the judgment of the Circuit Court for Howard County, which, by order dated December 20, 1984, granted Mary Ann Campolattaro, appellant/cross-appellee (appellant), a divorce a vinculo matrimonii from Alfonso A. Campolattaro, appellee/cross-appellant (appellee); use and possession of the family home for a period of three years from the date of the order; rehabilitative alimony of $750.00 per month for two years; child support of $250.00 per child per month; a monetary award, which was reduced to judgment, in the amount of $6500.00; and attorney's fees in the amount of $2,000.00. Appellant presents three questions:

1. Where the court grants a monetary award under Maryland Code (1984) Family Law, Sec. 8–203, is it reversible error when the court ignores the three-step process prescribed by the statutory scheme?

2. Where a minor child graduates from high school at 16 years of age, is the payor parent responsible for college tuition and transportation expenses where the unemancipated minor child enters college the result of that parent's promise to pay tuition and transportation expenses?

3. Did the trial court err in failing to award appellant alimony for an indefinite period as provided in Md. Code (1984), Family Law, Sec. 11–106(c)?

and cross-appellant, but one:

4. Did the trial court err in awarding appellant $6500.00 as a monetary award plus interest where there was no evidentiary basis for an award in that amount?

The first issue requires us to decide the extent to which the chancellor's ruling must specifically address Maryland Code Ann.Family Law Art. § 8–203 et. seq., pertaining to the granting of a monetary award. Stated differently, we

must determine what, if any, predicate a chancellor's ruling must contain before we will give effect to the presumption that the chancellor knows the law. Because we have concluded that the chancellor's ruling in the instant case is devoid of any predicate or indication that he considered the appropriate sections of the Family Law article, we will vacate the alimony and monetary awards and remand the case to the trial court for further consideration; thus, it is unnecessary that we address issue no. 4. We find no merit in issue no. 2, and as to it, we will affirm.

Sections 8–203 through 8–205 set out the statutory scheme which must be followed in making a monetary award. Under § 8–203, "the court shall determine which property is marital property" if a dispute exists as to whether certain property is marital property. Section 8–204 provides that "the court shall determine the value of all marital property". Finally, § 8–205 governs when and how a monetary award may be made:

(a) Grant of Award—After the court determines which property is marital property, and the value of marital property, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded. The court shall determine the amount and the method of payment of a monetary award after considering each of the following factors:

(1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

(9) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award.

The chancellor is thus required to comply with a three-step process:

1.  If an equitable adjustment over and above the distribution of the spouse's property in accordance with its title is an issue, the court shall determine which property is marital property;

2.  The court shall then determine the value of all marital property;

3.  Finally, the court *may* make a *monetary award as an adjustment* of the parties' "equities and rights" concerning marital property, whether or not alimony is awarded. If an award is deemed appropriate, the court shall then consider each of [ten] factors enumerated in [section 8–205(a)] in determining a fair and equitable amount and the method of its payment. (emphasis in the original)

*Harman v. Harman,* 61 Md.App. 554, 562, 487 A.2d 689 (1985); *Wilen v. Wilen,* 61 Md.App. 337, 355, 486 A.2d 775 (1985); *Nisos v. Nisos,* 60 Md.App. 368, 377, 483 A.2d 97 (1984); *Ward v. Ward,* 52 Md.App. 336, 339, 449 A.2d 443 (1982).

The award of alimony, including its duration, is governed by Maryland Code Ann.Family Law Art. § 11–106, which provides in pertinent part:

(b) Required consideration.—In making the determination, the court shall consider all the factors necessary for a fair and equitable award, including:

1. the ability of the party seeking alimony to be wholly or partly self-supporting;

2. the time necessary for the party seeking alimony to gain sufficient education or training to enable that party to find suitable employment;

3. the standard of living that the parties established during their marriage;

4. the duration of the marriage;

5. the contributions, monetary and nonmonetary of each party to the well-being of the family;

6. the circumstances that contributed to the estrangement of the parties;

7. the age of each party;

8. the physical and mental condition of each party;

9. the ability of the party from whom alimony is sought to meet that party's needs while meeting the needs of the party seeking alimony;

10. any agreement between the parties;

11. the financial needs and the financial resources of each party, including:

(i) all income and assets, including property that does not produce income;

(ii) any award made under sections 8–205 and 8–208 [1] of this article;

(iii) the nature and amount of the financial obligations of each party; and

(iv) the right of each party to receive retirement benefits.

(c) Award for indefinite period.—The court may award alimony for an indefinite period, if the court finds that:

(1) due to age, illness, infirmiry, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

---

**1.** Section 8–208 pertains to the award of possession and use of the family home or the family use personal property.

(2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate.

As the statutes make clear, alimony and a monetary award are significantly interrelated and largely inseparable. The decision to award one or both must be made after a consideration of them in their mutual context. *Cotter v. Cotter*, 58 Md.App. 529, 535, 473 A.2d 970 (1984), *Quigley v. Quigley*, 54 Md.App. 45, 456 A.2d 1305 (1983). Whether an award of alimony, either as to amount or duration, is grossly inequitable, can only be determined in light of all of the factors in the case, including the monetary award made. *Cotter, supra.* This is so despite the fact that alimony is chiefly rehabilitative *Holston v. Holston*, 58 Md.App. 308, 321, 473 A.2d 459 (1984) *cert. denied*, 300 Md. 484, 479 A.2d 372 (1984) and is not designed to be a lifetime pension, while a monetary award is a mechanism by means of which "the equities and rights of the parties concerning marital property, whether or not alimony is awarded" may be adjusted. *Dobbyn v. Dobbyn*, 57 Md.App. 662, 679, 471 A.2d 1068 (1984), quoting former Maryland Code Ann. Courts Art. § 3–6A–05(b). *See Deering v. Deering*, 292 Md. 115, 437 A.2d 883 (1981); *Grant v. Zich*, 53 Md.App. 610, 456 A.2d 75 (1983); *aff'd.* 300 Md. 256, 477 A.2d 1163 (1984). It is thus patent that any disposition we might make with respect to the monetary award will most assuredly affect any alimony award made.

This case was tried on appellant's bill of complaint for a divorce a vinculo matrimonii and on appellee's cross-bill and lasted two and one-half days. At issue were alimony, child support, use and possession of the family home and family use personal property, monetary award and counsel fees, as to each of which the parties presented evidence and counsel argued the positions of their respective clients. In his opinion from the bench, the chancellor stated:

> Mrs. Campolattaro has unquestionably met her burden on the grounds of desertion and is entitled to a divorce a

vinculo matrimonii. I am granting to Mrs. Campolattaro, use and possession of the family home for a period of three years. I am also granting to Mrs. Campolattaro, because of the pension which he withheld for himself, and there was a $5,000.00 item, a judgment in the amount of $6500.00, which will be payable without interest when the house is sold on the market. I'm granting to Mrs. Campolattaro a $2,000.00 attorney's fee, which will be joined with the $6500.00 judgment and to be liquidated after the house is sold. I'm granting to her for a period of two years, alimony in the sum of $750.00 a month. And I am granting to her, for the education, maintenance and support of the children, the sum of $250.00 per month per child. With the older child, the girl, who will be seventeen—is it March or April or whatever. Dr. Campolattaro will be responsible for court costs. That is the judgment of this court.

A colloquy between the court and counsel then occurred, during which appellant sought clarification and modification of the ruling. As a result, the use and possession order was clarified. The court, however, specifically declined to modify its ruling in other respects; it denied appellant's requests that appellee pay the mortgage payments on the family home, as well as her request that the court find appellant was entitled to an interest in a home which appellee purchased after the parties' separation and which was titled only in appellee's name. This exchange then took place:

MR. GOLDBERG: And you haven't named what marital is.

THE COURT: No, the property will be divided. And if they can't make up their minds, we'll make it for them. The, the personal property.

MR. GOLDBERG: No, I'm talking ... total properties, what's marital property and what isn't.

THE COURT: What property? The house that ...

MR. GOLDBERG: Any properties that they acquired—

THE COURT: ... that he owns in his name, she is not gonna—she is not going to, uh, participate in the home that he presently lives in. Anything else?

MR. GOLDBERG: Nothing else, sir.

The evidence in the case included testimony concerning two pensions—one from the University of Maryland and the other from the United States Navy—to which appellee is entitled. Appellant proffers that neither pension was valued before the monetary award was made. As to the University of Maryland pension, she says that: appellee acknowledged that he withdrew funds from the pension; the chancellor concluded that those funds had been dissipated; and based on that finding the chancellor determined that appellant's share of the pension was $4,000.00, which was incorporated into the monetary award made to appellant. Appellant contends that, although the evidence showed that appellee had contributed approximately $13,-683.00 to his Navy pension, the chancellor did not consider it in the calculation of the monetary award as demonstrated by his failure to mention or value it prior to announcing the award. Appellant finally asserts that the chancellor ignored the fact that prior to its sale appellee borrowed $5,000.00 against a prior marital home and that appellant, without her knowledge, was required to repay that loan. She earnestly urges that these failures were in direct violation of the mandate of §§ 8–203 through 8–205.

Appellant is correct, "[n]owhere does the trial judge ever enumerate what constituted marital and non-marital property." Appellee does not dispute that the chancellor neither specifically determined which property was marital property, nor valued that property prior to making the monetary award. Instead, he reminds us that "[b]ecause trial judges are presumed to know the law, 'not every step in their thought process needs to be explicitly spelled out.' *Zorich v. Zorich,* 63 Md.App. 710, 717, 493 A.2d 1096 (1985). What is necessary is that the court utilize the statutory system. *Nisos v. Nisos,* 60 Md.App. 368, 483 A.2d 97 (1984); *Ward v. Ward,* 52 Md.App. 336, 449 A.2d 443 (1982)". Therefore, he

says, "[a]ppellant incorrectly claims that the court ignored or failed to consider several specific items in his deliberations, items that were discussed and on which both counsel presented arguments. The court properly followed the statutory process mandated in making a monetary award."

We agree with appellant that the chancellor failed to follow the three-step process prescribed by the statutory scheme and that this was error. While it is discretionary with the chancellor to make a monetary award and to determine the amount of that award, it is mandatory that if the division of the property is at issue, he first determines which property is marital property and, then, determines the value of all marital property. *Deering v. Deering,* 292 Md. at 121, 437 A.2d 883; *Nisos v. Nisos,* 60 Md.App. at 382, 483 A.2d 97; *Cotter v. Cotter,* 58 Md.App. at 535, 473 A.2d 970; *Grant v. Zich,* 53 Md.App. at 614, 456 A.2d 75; *Ayars v. Ayars,* 50 Md.App. 93, 97, 436 A.2d 490 (1981). The failure to comply with the three-step process requires vacation of any marital award made. *Cotter v. Cotter,* 58 Md.App. at 536, 473 A.2d 970.

In the case *sub judice,* the chancellor did not specifically enumerate what property was marital property and he did not value any of the property of the parties. Although there was some give and take between the chancellor and counsel pertaining to the issues in the case, the chancellor's oral decision neither mentions the statutory factors, nor provides any clue as to the manner in which those factors were considered. We think this failure on the part of the chancellor to be fatal. As we said in *Cotter v. Cotter,* 58 Md.App. at 536, 473 A.2d 970:

> The chancellor apparently concluded that assets which the parties agreed to divide equitably between them need not be regarded as factors to be considered in making a monetary award, but the statute requires the inclusion and evaluation of *all* marital property. Unless all marital properties are taken into account, the chancellor cannot properly consider all [ten] factors enumerated in [§ 8–

205(a) ] in determining a fair and equitable award. The nature and extent of all property owned by each spouse and the financial condition of each spouse at the time of the award are two of those statutory factors ... (emphasis in the original).

Similarly, here, because the chancellor did not determine what property was marital property and did not valuate that property, he could not have considered the factors set out in § 8–205(a).

Although in appropriate cases we will continue to presume that trial judges know the law and properly apply it, in which event, we will not require that every step in their thought process be set out in the record, we decline to apply that presumption under the circumstances of this case. In each instance when we have applied the presumption, the decision of the chancellor taken in context provided a sufficient basis from which we were able to conclude that he or she knew the law and properly applied it in that case, i.e., what was said or what was done made clear that the presumption was viable. In *Hebb v. State*, 31 Md.App. 493, 356 A.2d 583 (1976) the record was silent as to the standard of proof used by the trial judge to determine the voluntariness of a statement. We commented: "While the judge did not so state, the message that comes through from a review of the record, with 'unmistakable clarity' is that he believed the statement to have been made freely and voluntarily". *Hebb v. State*, 31 Md.App. at 499, 356 A.2d 583. The issue in *Bangs v. Bangs*, 59 Md.App. 350, 475 A.2d 1214 (1984) was whether the chancellor must "state in his opinion the effect of all other awards and particularly alimony, upon the final marital property award." *Id.* at 369, 475 A.2d 1214. We acknowledged that the chancellor did not reconcile the marital property award with the alimony award; nevertheless, we affirmed the order, noting

... the chancellor did not indicate that he was *ignoring* the alimony award when he made the monetary award. He simply did not mention it. A chancellor is not required to articulate every step in his thought processes.

> A judge is presumed to know the law and to properly apply it. *Id.* at 370 [475 A.2d 1214]. (emphasis in the original)

Similarly, in *Zorich v. Zorich, supra* where the chancellor's award of alimony for an indefinite period was attacked because the chancellor did not articulate the reasons for the award in the form specifically required by the alimony statute, relying on *Bangs* and *Hebb,* we found that the chancellor's

> oral opinion makes patent that the trial judge was fully aware of and applied art. 16, § 1(c)(1) when he made the alimony award[,]

and that "he was aware of and applied the factors set out in art. 16, § 1(b)".[2]

Just as we have not hesitated to apply the presumption where appropriate, we have not hesitated to reverse the judgment of the lower court where it was not. *See, e.g., Holston v. Holston, supra.* There, we concluded from an examination of the chancellor's opinion that the chancellor merely made a monetary award equal to one-half the value of certain marital property and did not attempt to apply the factors required to be considered in determining the amount of a monetary award. *Id.,* 58 Md.App. at 319, 473 A.2d 459. *See also Cotter v. Cotter, supra.*

■ Moreover, the presumption is rebuttable. While not rebutted by silence, *Bangs v. Bangs,* 59 Md.App. at 370, 475 A.2d 1214, in a given case, it may very well be rebutted by what the chancellor says or, depending upon the circumstances or the context, by what he does not say. *See Holston v. Holston, supra.*

We conclude in this case the presumption that the chancellor knows the law and properly applied it is not an

---

2. Present Family Law Art. § 11–105.

adequate response to appellant's contentions. The chancellor's opinion makes patent that he did not and could not have applied the law properly.

We do not intend by this decision to mandate that the chancellor render his judgment in a specific form or provide the appellate court with a "convenient statutory checklist for the record"; there is no such requirement. We do observe, however, that this case is an excellent example of the risks the chancellor runs when he does not do so. Aside from obvious defects which may be revealed when only the end product of deliberation is announced, the chancellor who fails to provide at least some of the steps in his thought process leaves himself open to the contention that he did not in fact consider the required factors. While we will start from the premise that the chancellor knows the law and properly applied it even when he or she does not mention an applicable statute, we acknowledge that announcing only the end product of deliberations does increase the possibility that an appellate court will conclude otherwise. We think the better practice is for the chancellor to set out with some particularity the reasons for his or her bottom line conclusions.

Before leaving this issue, it is necessary that we review the definition of marital property.[3]  " 'Marital property' means the property, however titled, acquired by one or both parties during the marriage." Md.Code Ann. Family Law Art. § 8–201(e). The cut-off time for the determination of whether property was acquired during the marriage is the date of the divorce, not the date of separation. *Cotter v. Cotter*, 58 Md.App. at 537, 473 A.2d 970; *Graven-*

---

**3.** Although appellant did not directly raise this issue, we reach and resolve this error in an attempt to avoid injustice and to prevent subsequent meritless appeals. *Nisos v. Nisos,* 60 Md.App. at 388–89. We might mention that this error supports our finding that the presumption should not be applied in this case.

*stine v. Gravenstine,* 58 Md.App. 158, 177, 472 A.2d 1001 (1984); *Dobbyn v. Dobbyn,* 57 Md.App. at 675, 471 A.2d 1068; *Wilen v. Wilen,* 61 Md.App. at 345, 486 A.2d 775.

In response to appellant's counsel's request that he determine what property is marital property, the chancellor emphatically made it clear that he did not consider the home acquired by appellee in his own name after the separation but prior to the divorce to be marital property.[4]  It was error for the chancellor to conclude that that house was not marital property.  On remand, it must be included in the list of marital property which the chancellor must develop.

Appellant next complains that the chancellor erred when he refused her request for indefinite alimony.  Although our review of the record reveals sufficient evidence to support the chancellor's exercise of discretion in the award of rehabilitative alimony, because of the relationship between alimony and a monetary award, we think it appropriate to also vacate the alimony award.  On remand, as we have seen, the marital award must be reconsidered.  The award of any alimony, including its duration, should be determined in light of the monetary award.  *See Nisos v. Nisos,* 60 Md.App. at 388, 483 A.2d 97.

## 2.

Relying on *Groner v. Davis,* 260 Md. 471, 272 A.2d 621 (1971), appellant asserts that the trial judge abused his discretion when he failed to order appellee to pay college tuition and transportation expenses for one of his daughters.  That daughter is now emancipated and the claim relates to the two years prior to her emancipation.  Specifically, it is alleged that appellee promised to pay his daughter's tuition and transportation costs to a college favored by him, but that when she attended, he refused to pay.

---

4.  *See* colloquy between the court and Mr. Goldberg at pages 76–77 *supra.*

At trial, the daughter testified that she now intends to attend an out-of-state university, the expenses of which she desires to pay on her own. She specifically stated that she wanted no assistance from appellee in the financing of her education. In light of this testimony, we deem this issue to be moot. In any event, although an equity decree based on adequate evidence may obligate a parent to provide monetary support for such obvious necessities as food and clothing, as well as less obvious needs such as college tuition, *Groner v. Davis*, 260 Md. at 477, 272 A.2d 621, it is within the discretion of the chancellor whether to impose such conditions. *Kennedy v. Kennedy*, 55 Md.App. 299, 310, 462 A.2d 1208 (1983). In this case, the chancellor heard testimony on this point, including the testimony of the affected daughter, and awarded appellant $250.00 per month as child support for that daughter. The wide discretion of the chancellor to make an award of child support will not be set aside or modified unless clearly erroneous, *Wooddy v. Wooddy*, 258 Md. 224, 228, 265 A.2d 467 (1970). We are unable to say that the chancellor's determination in this case was clearly erroneous, so we will affirm.

Neither party asserted error with respect to the grant of the divorce to appellant or the assessment of counsel fees and court costs against appellee. Moreover, the evidence amply supports those determinations. Therefore, those portions of the decree will be affirmed. As we have seen, we will also affirm the portion of the decree pertaining to child support. The monetary award and the alimony award, however, will be vacated and those issues remanded to the trial court for reconsideration and redetermination.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID TWO-THIRDS BY APPELLEE AND ONE-THIRD BY APPELLANT.