527 A.2d 61

John R. NEWMAN

v.

Miriam S. NEWMAN.

No. 1708, Sept. Term, 1986.

Court of Special Appeals of Maryland.

June 16, 1987.

---

Ronald G. Kane (Schuman, Kane & Felts, Chartered, on the brief), Bethesda, for appellant.

James P. Sullivan (Kidwell, Kent & Sullivan, on the brief), Rockville, for appellee.

Argued before MOYLAN, ROSALYN B. BELL, and ROBERT M. BELL, JJ.

ROSALYN B. BELL, Judge.

We are asked to consider again the relationship between a monetary award and an award of alimony. John and

Miriam Newman separated in 1982 after 37 years of marriage. Two years later, Mrs. Newman filed suit for divorce in the Circuit Court for Montgomery County on the grounds of adultery and that the parties have lived separate and apart for two years. Mr. Newman filed a cross-bill of complaint for divorce on the latter ground. After a series of not unusual pretrial disputes over disposition of their property, attorneys' fees and alimony, the parties agreed to submit their differences to a domestic relations master as opposed to taking their place on the crowded trial calendar. Following the hearing before the master, the parties had to wait over six-and-one-half months before the master filed his Report. Both parties filed exceptions. The circuit court overruled both parties' exceptions without a hearing and entered judgment granting a divorce on the ground of their lengthy separation. The chancellor ordered a monetary award of $199,600 to Mrs. Newman, a $700 per month alimony award for an indefinite period to her, and also awarded her $2,000 in attorney's fees. Subsequent to the chancellor's order, the parties resolved the attorney's fees and monetary award by payment to Mrs. Newman of $118,000 plus $2,000 for attorney's fees and by conveyance to Mrs. Newman of the real estate in which she resided.

While the amount of the monetary award is not the subject of contention, the award itself is of significance for reasons that will later be apparent. Mr. Newman raises two issues in this appeal:

"1. Upon granting of an equitable marital award pursuant to a final decree of divorce, must the court consider the income to be generated by the marital award reduced to judgment when determining the amount of alimony to be paid[?]

"2. Should the court be allowed to award permanent [1] alimony when the financial statement submitted by the

---

1. Mr. Newman's use of the word "permanent" is a misnomer. The Code allows for the awarding of alimony for an "indefinite" period.

party seeking alimony indicates an expense level which is not disputed, but will be exceeded by that person's present income, rental income, and income generated as a result of the marital award, such that the income will be substantially in excess of stated expenses without the payment of alimony[?]"

## I. FUTURE INCOME

Appellant first assigns as error the failure of the chancellor to consider the future income to be generated by the monetary award when determining the alimony award. He asserts that if the chancellor had added to appellee's income the amount of income the monetary award could generate monthly at a reasonable rate of interest, the total figure would be substantially in excess of appellee's stated expenses and, thus, there would be no need for the payment of alimony. Specifically, appellant points out that appellee has monthly expenses of $1,272, and after taxes, she receives $610 in income per month. She also earns $125 per month from renting the basement of her home, making her total income $735 per month. Appellant admits that this leaves appellee a deficit of $537 per month. He then explains that from the $118,000 received by appellee, she would earn interest income of $6,490 per annum or $540 per month computed with a 5½ percent interest rate. Taking this figure and adding it to her income figure of $735 per month, appellee would have $3 a month in excess over her stated expenses. Appellant then presents the calculations and resulting figures if the rate was 6 to 6½—rates he assures us are "readily available in federally insured savings and loan associations...."

Before we consider the merits of appellant's position, we note that the base figure he utilizes of $118,000 comes about from facts not before the chancellor and not existent at the time of the award. Hence, the chancellor could not

*See* Md.Fam.Law Code Ann. § 11–106(c) (1984). The duration of this type of alimony is not necessarily ad infinitum, or "permanent."

have utilized this figure in making any alimony award because the trial court must rule on the case as it existed at the time of the divorce. The monetary award at that time was $199,600.[2] Moreover, appellant's calculations do not allow for any reduction in income after taxes are paid on the future income. Thus, the resulting figures he uses are somewhat skewed in his favor.

Turning to the question presented, appellant is correct when he asserts that the chancellor before awarding alimony must consider the financial resources of the party seeking alimony, including all income and any monetary award. Md.Fam.Law Code Ann. § 11–106(b)(11) (1984). As the Court of Appeals noted in *McAlear v. McAlear*, 298 Md. 320, 347, 469 A.2d 1256 (1984):

"We recognize ... that there is an interrelationship between a monetary award ... and an award of alimony.... [I]n determining the amount of a monetary award, equity courts must consider any award of alimony, while in determining the amount of alimony, equity courts must consider any monetary award."

*See also Rosenberg v. Rosenberg*, 64 Md.App. 487, 535, 497 A.2d 485, *cert. denied*, 305 Md. 107, 501 A.2d 845 (1985). Later, in *Campolattaro v. Campolattaro*, 66 Md.App. 68, 75, 502 A.2d 1068 (1986), Judge Robert Bell commented for this Court:

"As the statutes make clear, alimony and a monetary award are significantly interrelated and largely inseparable. The decision to award one or both must be made after a consideration of them in their mutual context. Whether an award of alimony, either as to amount or duration, is grossly inequitable, can only be determined in light of all of the factors in the case, including the monetary award made. ... It is thus patent that any disposition we might make with respect to the monetary

---

**2.** We recognize that on remand this figure of $199,600 may not be appropriate for use as a base figure. *See infra* note 6.

award will most assuredly affect any alimony award made." (Citations omitted.)

In *Rosenberg,* 64 Md.App. at 533–37, 497 A.2d 485, this Court was presented with and accepted the position espoused by appellant. Because of a barren record, we had to remand the matter to the chancellor to explain his alimony award. In so doing, we stated:

"We cannot be positive from the chancellor's opinion whether he considered the income that would accrue from the monetary award, or whether he abused his discretion in allowing virtually the full amount of alimony sought. We are inclined to believe that he failed to take the income from the monetary award into consideration since he specifically referred to the overestimation of expenses. We are further supported in this approach by our review of the record which revealed a dearth of evidence to support the full amount of alimony claimed. In addition, the chancellor commented that appellee's income was limited to 'dividends from non-marital stock....'

"If, on the other hand, he did consider the income on the monetary award, the reductions [in alimony] made must have been only superficial. We conclude this because of the income which would have been generated by the monetary award. The chancellor used 11% as an acceptable rate of interest for other purposes in his decision. That rate when applied to the monetary award will produce in excess of the amount of the reduction in alimony. In order to fulfill our obligation to review the case on the law and the evidence, we remand to the chancellor to determine the financial needs and resources of appellee including the effect of the monetary award and all other income. Based on these findings, the chancellor must then review the alimony award."

*Rosenberg,* 64 Md.App. at 536–37, 497 A.2d 485. Accordingly, if evidence of the amount of income to be generated by the monetary award is presented, the chancellor must consider that evidence when determining alimony.

The basis for this ruling is clear. When making an award of alimony, the court must consider all factors, including but not limited to (1) "the ability of the party seeking alimony to be wholly or partly self-supporting" and (2) the financial resources of each party, including "all income" and any monetary award. Md.Fam.Law Code Ann. § 11–106(b)(1), (11). The Code permits an award of alimony for an indefinite period when the chancellor finds:

"(1) due to age, illness, infirmity, or disability, the party seeking alimony cannot reasonably be expected to make substantial progress toward becoming self-supporting; or

"(2) even after the party seeking alimony will have made as much progress toward becoming self-supporting as can reasonably be expected, the respective standards of living of the parties will be unconscionably disparate."

Md.Fam.Law Code Ann. § 11–106(c). Thus, under the plain language of the statute, the ability of the recipient to become self-supporting must be evaluated. This necessarily requires a determination of the future financial resources of the recipient, including future income from whatever source.

We recognize that, to a limited extent, the chancellor is required to indulge in speculation about future financial resources, including future income to be produced by a monetary award. As long as that speculation is minimal and supported by the record, the legislative requirement that the chancellor consider a monetary award when awarding alimony can still be fulfilled. Of course, the chancellor need only consider the future income to be generated from investment of the monetary award when evidence is presented on this issue. Moreover, the evidence must not be so speculative or incredible as to be useless.

After having stated that the chancellor should take into account any future income produced by a monetary award, we, as in *Rosenberg,* find our review of the alimony awarded in the case *sub judice* stifled by the state of the record. We have often said that the trial judge is presumed to know

the law and apply it. *Campolattaro,* 66 Md.App. at 79, 502 A.2d 1068. This presumption is rebuttable. *Campolattaro,* 66 Md.App. at 80, 502 A.2d 1068. In *Campolattaro,* we stated that the presumption cannot be rebutted by silence but "may very well be rebutted by what the chancellor says or, depending upon the circumstances or the context, by what he does not say." 66 Md.App. at 80, 502 A.2d 1068. Unfortunately, these maxims are of no assistance to us.

■ In the case *sub judice,* we do not have the benefit of knowing how the chancellor arrived at the $700 per month alimony award because the court's order, written in summary language, is silent on this point. We quote the relevant portion of the court's order:

"ORDERED, that the [appellant] shall pay to the [appellee] as alimony the sum of $700.00 per month commencing with the signing of this Judgment of Absolute Divorce for an indefinite period of time terminating upon the remarriage or death of the [appellee], or the death of the [appellant]; and it is further

"ORDERED, that a judgment is hereby entered in favor of the [appellee] against the [appellant] in the amount of $199,600.00 effective with the signing of this Judgment of Absolute Divorce...."

From these statements we do not know whether the chancellor considered any future income from the monetary award and rejected any impact it may have on appellee's financial resources;[3] whether he considered it and reduced appellee's alimony needs accordingly; or whether he failed

---

3. A monetary award can generate little or no income if the principal must be spent to pay debts or expenses, including attorney's fees; if it is to be discharged by assets that for any reason are non-income producing; if the amount of the monetary award is so minimal that it will produce only de minimus income; or any other reason that might reduce the corpus of the award. The court should also consider that a monetary award cannot generate any income for the recipient until it is actually received.

to consider the monetary award, apart from any future income it might generate, at all.[4]  As we stated in *Campolattaro*, however, the mere fact that the chancellor failed to articulate his reasons for the amount of alimony does not necessarily prevent us from affirming on appeal.  In such a situation, we can look to the record as a whole to garner support for the chancellor's decision.

In this case, however, since the parties proceeded by way of an expedited appeal, we have only an agreed statement of facts to review.  We do not have the "record as a whole" to consider.  Consequently, we cannot even attempt to support the summary decision with evidence from the record.  Accordingly, we will remand to give the chancellor an opportunity to determine and specify the effect of any future income from the monetary award, assuming there was evidence previously presented on this issue, and then to determine the effect of the monetary award in general on the alimony award.[5]

While we have held that the chancellor is not required to invoke specifically the wording of the alimony statute to demonstrate he or she considered all factors, *Grant v. Zich*, 53 Md.App. 610, 618, 456 A.2d 75 (1983), *aff'd*, 300 Md. 256, 477 A.2d 1163 (1984), or provide a reviewing court with a "convenient statutory checklist for the record," *Campolattaro*, 66 Md.App. at 81, 502 A.2d 1068, it is far better practice for the chancellor to explain his or her exact reasoning for the amount and duration of any alimony award, including the effect, if any, of the monetary award

---

4. In fairness to the chancellor, he followed what has become the common practice of most chancellors simply to approve the master's report without any further explanation.

5. At the risk of offering gratuitous advice, economy of all resources of the court and the parties indicates that a petition to modify the alimony award, if filed, might be considered as a part of any hearing on remand in order to establish a current base for the monetary award since the award has now been paid.  By now the very issues requiring even some speculation have more than likely been settled.

on the alimony determination.[6]  We quote from *Campolattaro:*

> "Aside from obvious defects which may be revealed when only the end product of deliberation is announced, the chancellor who fails to provide at least some of the steps in his thought process leaves himself open to the contention that he did not in fact consider the required factors. While we will start from the premise that the chancellor knows the law and properly applied it even when he or she does not mention an applicable statute, we acknowledge that announcing only the end product of deliberations does increase the possibility that an appellate court will conclude otherwise.  We think the better practice is for the chancellor to set out with some particularity the reasons for his or her bottom line conclusions."

66 Md.App. at 81, 502 A.2d 1068.  Not only does such a practice assist the appellate court in reviewing the propriety of any award, but this approach will aid the parties in determining whether they are faced with a situation that merits a modification of the alimony award.  Unless they know from whence the chancellor started, the parties and their counsel cannot recalculate appropriately their financial needs and resources.

## II.  INDEFINITE ALIMONY

■ Appellant also asserts the chancellor should not have awarded appellee alimony for an indefinite period because her income will far exceed her stated expenses.  While this argument is not necessarily relevant to the factual predicates required under Md.Fam.Law Code Ann. § 11–106(c), if the chancellor determines no alimony is presently awardable, that conclusion terminates the inquiry, except for the possibility of reservation of alimony.  *See Turrisi v. Sanza-*

---

**6.** Even if the chancellor determines that the monetary award, and, if raised, any future income generated by it, will have no effect on the alimony award, he or she has fulfilled the statutory requirement by considering the award when determining alimony.  Our review would then be whether this ruling was clearly erroneous under Rule 1086.

*ro,* 308 Md. 515, 520 A.2d 1080 (1987). On the other hand, if the chancellor determines that alimony is awardable, even from the agreed statement of facts, we can conclude the chancellor was not clearly erroneous in making the award indefinite. Rule 1086. *See Benkin v. Benkin,* 71 Md.App. 191, 524 A.2d 789 (1987).

PURSUANT TO MARYLAND RULE 1071, CASE RE-MANDED WITHOUT AFFIRMANCE OR REVERSAL FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEE.