575 A.2d 764

**Kieron F. QUINN**

v.

**Margaret Lee QUINN.**

**No. 1561, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

June 28, 1990.

462

Michael S. Libowitz (Kevin B. Kamenetz and Moore, Libowitz & Thomas, on the brief), Baltimore, for appellant.

Ann M. Turnbull (Turnbull, Wase & Lyons, P.A., on the brief), Towson, for appellee.

Argued before MOYLAN, GARRITY and WENNER, JJ.

WENNER, Judge.

On May 16, 1989, after protracted and acrimonious proceedings in the Circuit Court for Baltimore City, the appellee, Margaret Lee Quinn, was granted an absolute divorce from the appellant, Kieron F. Quinn, on the grounds of a two year separation. Although the appellee was denied alimony, the circuit court granted her a monetary award. Obviously unhappy with this turn of events, appellant noted this appeal. Before us, appellant contends that:

I. In awarding appellee fifty percent of the value of all marital property, the circuit court erroneously refused to consider appellant's post-separation efforts, increasing the value of certain property, that were made without any monetary or nonmonetary contribution by appellee.

II. The circuit court committed reversible error by failing to determine the value of certain marital property prior to making the monetary award.

III. The circuit court erroneously determined that certain marital property was nonmarital property.

IV. The circuit court erroneously failed to consider other factors affecting the monetary award.

For reasons we will explain, we shall vacate the monetary award and remand the case to the circuit court for further proceedings consistent with this opinion.

## Facts

The parties were married on August 5, 1964. Their only child, a daughter born in 1965, is now emancipated. The parties have resided in Maryland since 1967. Both of them are practicing attorneys and members of the Maryland Bar.

After almost twenty-two years of marriage,[1] the parties separated on July 12, 1986. A complaint and a cross-complaint for divorce followed. Ultimately, in addition to an absolute divorce and a monetary award of $249,866, the appellee was awarded $16,000 in attorney fees and $5,480.80 in suit money. The award was reduced to judgment, as authorized by Md.Fam.Law Code Ann. § 8–205(c).[2] This appeal followed.

## Discussion

■ In determining an equitable distribution of marital property, Maryland courts are required to engage in a three-step process. First, all property owned by the parties must be categorized as either marital or nonmarital. Second, the marital property must be valued. Finally, the court may make a monetary award. *See Sharp v. Sharp,* 58 Md.App. 386, 394, 473 A.2d 499 (1984). Failure to comply with the three-step process requires that any monetary award be vacated. *Campolattaro v. Campolattaro,* 66 Md.App. 68, 78, 502 A.2d 1068 (1986).

■ In determining the amount and method of payment of the monetary award, the court must consider the statutory factors enumerated in Md.Fam.Law Code Ann.

---

1. The parties separated for a year in 1977 but were reconciled in 1978.

2. The statute provides:
    (c) **Award reduced to judgment.**—The court may reduce to a judgment any monetary award made under this section, to the extent that any part of the award is due and owing.
Md.Fam.Law Code Ann. § 8–205(c) (1984 & 1989 Repl.Vol.).

§ 8–205(b).[3] The failure to consider the statutory factors also requires that any monetary award be vacated. *Holston v. Holston*, 58 Md.App. 308, 318, 473 A.2d 459, *cert. denied*, 300 Md. 484, 479 A.2d 372 (1984).[4]

### Post–Separation Efforts

In the case *sub judice*, appellant contends that in awarding appellee fifty percent of the value of all marital

---

3. The statute provides:

(b) **Factors in determining amount and method of payment or terms of transfer.**—The court shall determine the amount and the method of payment of a monetary award, or the terms of the transfer of the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both, after considering each of the following factors:

(1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property or interest in the pension, retirement, profit sharing, or deferred compensation plan, was acquired, including the effort expended by each party in accumulating the marital property or the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both;

(9) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award or transfer of an interest in the pension, retirement, profit sharing, or deferred compensation plan, or both.

Md.Fam.Law Code Ann. § 8–205(b) (1984 & 1989 Repl.Vol.).

4. Our opinion in *Holston* refers to nine statutory factors that must be considered. We point out that when *Holston* was decided in 1984, the law regarding property disposition in divorce and annulment was codified at Md.Cts. & Jud.Proc.Code Ann. § 3–6A–01 *et seq.* Those sections were repealed by the Acts of 1984, ch. 296, § 1, effective October 1, 1984. They are now codified in Md.Fam.Law Code Ann. § 8–201 *et seq.* Ten statutory factors must now be considered. *See supra*, n. 3.

property, the circuit court erroneously refused to consider, or in any case failed to consider, appellant's post-separation efforts, which increased the value of certain property, without any monetary or nonmonetary contribution by the appellee. Specifically, appellant contends that the circuit court should have considered his post-separation efforts in increasing his retirement fund, in purchasing a home on Linwood Avenue, and in developing his new law firm. We agree.

Section 8–205(b)(8) of the Family Law Article requires that, in determining the amount and method of payment of a monetary award, the court must consider:

> how and when specific marital property or interest in the pension, retirement, profit sharing, or deferred compensation plan, was acquired, including the effort expended by each party in accumulating the marital property or the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both....

And, we have held that:

> [t]he extent to which the efforts of one spouse may have led to acquisition of property or an increase in its value without any monetary or non-monetary contribution by the other spouse after the parties separated can, and should, be taken into account in determining what would constitute an equitable monetary award.

*Wilen v. Wilen,* 61 Md.App. 337, 354–355, 486 A.2d 775 (1985).

■ In arriving at a monetary award, the trial judge is not required to "articulate every step in his thought processes." *Bangs v. Bangs,* 59 Md.App. 350, 370, 475 A.2d 1214 (1984). The trial judge is presumed to know the law and to apply it correctly, and that presumption is not rebutted by "mere silence." *Id.* The presumption, however, may be rebutted by the trial judge's words. *Campolattaro, supra,* 66 Md.App. at 80, 502 A.2d 1068.

In the instant case, the trial judge did not merely remain silent as to whether she had considered the post-separation

efforts of appellant in determining the monetary award. At the close of the evidence, after hearing argument from counsel, during which counsel for the appellant specifically asked her to consider "what increase [sic] marital property occurred post-separation," the trial judge delivered her opinion from the bench. After granting appellee an absolute divorce, and denying her alimony, the trial judge identified and valued the marital property. She then considered at length the various factors involved in deciding whether to make a monetary award. The trial judge specifically mentioned the acquisition of the marital property and the contributions of each of the parties during the marriage. At no point in that consideration, however, did she refer to appellant's post-separation efforts in increasing the value of his retirement fund, in purchasing a home on Linwood Avenue, or in developing his new law firm. After the trial judge had made a monetary award and had granted appellee attorneys fees and suit money, the following colloquy occurred:

[APPELLANT'S COUNSEL]: Your Honor, has the court talked about what, how and when those assets were acquired. Did the court address when they were acquired in the reasoning?

THE COURT: Well, I thought that I had.

[APPELLANT'S COUNSEL]: I thought you said how they were acquired. You said that Mr. Quinn contributed the bulk financially. I'm wondering whether the court considered the assets, considered post separation?

THE COURT: I don't think that makes any difference.

Under these circumstances, we hold that this statement by the trial judge clearly indicates that she failed to consider appellant's post-separation efforts which may have increased the value of certain property. Of course, as we have said, such consideration is required. Md.Fam.Law Code Ann. § 8–205(b)(8) (1984 & 1989 Repl.Vol.). *See also Wilen, supra,* 61 Md.App. at 354–355, 486 A.2d 775. As the circuit court failed to consider this factor in determining the monetary award, we shall vacate the award. *See Holston, supra,* 58 Md.App. at 318, 473 A.2d 459.

## Valuation of Marital Property

Appellant next contends that the circuit court erred by failing to determine the value of certain marital property prior to making the monetary award. We agree.

### A. Marital Debt

Both parties acknowledged that they received a loan from appellant's mother in 1973 to assist them in purchasing their first home. There is some disagreement, however, as to the amount of the loan and the terms of repayment. Appellant contends that the loan was to both parties in the amount of $7,500 with an interest rate of nine percent. Appellee testified that she was uncertain whether the loan was for $7,000 or $7,500. She also testified that the promissory note which evidenced the loan did not bear any interest.

Inasmuch as the parties agree that the loan was made to both of them, and was used in purchasing their first home, *See Rogers v. Rogers,* 80 Md.App. 575, 583, 565 A.2d 361 (1989), the obligation to repay the loan was a marital debt. *Id.* at 585, 565 A.2d 361. *See also Schweizer v. Schweizer,* 301 Md. 626, 636–637, 484 A.2d 267 (1984). Consequently, the net value of the marital property must be reduced by the amount of the marital debt. *Rogers, supra,* at 584, 565 A.2d 361. *See also Zandford v. Wiens,* 314 Md. 102, 107, 549 A.2d 13 (1988); *Niroo v. Niroo,* 313 Md. 226, 240–241, 545 A.2d 35 (1988); *Schweizer, supra,* at 637, 484 A.2d 267.

Accordingly, on remand, the circuit court must determine both the value of the marital debt and the rate of accrued interest, if any, and reduce the value of the marital property by the amount of the marital debt.

### B. Colorado Condominium

Appellant also contends that the circuit court lacked an evidentiary basis to assign a value to appellant's interest in the Colorado condominium. Specifically, appellant contends

that the court erroneously failed to consider evidence regarding diminution of the value of the property. We agree.

At trial, appellant offered recent newspaper articles and a publication of the Environmental Protection Agency (E.P.A.) which reported that the condominium development had been built on a toxic waste site, resulting in diminished property values. The circuit court refused to admit the E.P.A. report into evidence. The circuit court ultimately valued appellant's twenty-five percent interest in the condominium at $1,800.

■■■ We hold that the circuit court erred in failing to consider the E.P.A. report in determining the value of appellant's interest in the condominium. Maryland courts have held that reliable government evaluative reports should be admitted into evidence, unless they are otherwise shown to be unreliable. *See Ellsworth v. Sherne Lingerie, Inc.,* 303 Md. 581, 610–612, 495 A.2d 348 (1985) (and cases cited therein holding that reports of various government agencies are admissible). To be admitted into evidence under the public records exception to the hearsay rule, the report must contain reliable facts. *Id.* at 612, 495 A.2d 348. Evaluations or opinions contained in the public report are not to be received into evidence unless they are otherwise admissible under the Maryland rules of evidence. *Id.*

Accordingly, on remand, the circuit court should consider such reliable facts as are contained in the E.P.A. report in determining the value of appellant's interest in the Colorado condominium.

### C. Appellant's Law Firm

Finally, appellant contends that the circuit court erroneously accepted the opinion of appellee's expert in determining the value of appellant's law firm.

At trial, the parties each presented an expert to value appellant's law firm. After hearing from them, the trial judge accepted the valuation of appellee's expert.

■■■ We have held that whether to admit expert testimony is within the discretion of the trial court. *Scott v. Department of Social Services,* 76 Md.App. 357, 386, 545 A.2d 81, *cert. denied,* 314 Md. 193, 550 A.2d 381 (1988), *cert. denied,* — U.S. ——, 109 S.Ct. 3226, 106 L.Ed.2d 575 (1989). Ordinarily, a decision to admit expert testimony will be sustained on appeal unless clearly erroneous. *Troja v. Black & Decker Mfg. Co.,* 62 Md.App. 101, 110, 488 A.2d 516, *cert. denied,* 303 Md. 471, 494 A.2d 939 (1985). To qualify as an expert, one must possess such skill, knowledge or experience in the field that his opinion will assist the trier of fact. *Id.* And, of course, the expert's opinion "must be based on facts sufficient to support a reasonably accurate conclusion." *Scott, supra,* at 386, 545 A.2d 81.

■■■ Where, as here, there are two experts, the trier of fact must evaluate the testimony of both of them and decide which opinion, if any, to accept. *Duvall v. Potomac Electric,* 234 Md. 42, 46–47, 197 A.2d 893 (1964). And, the trial judge need not accept the testimony of any expert. *Rosenberg v. Rosenberg,* 64 Md.App. 487, 517, 497 A.2d 485, *cert. denied,* 305 Md. 107, 501 A.2d 845 (1985).

In the case at hand, we do not quarrel with the trial judge's decision to accept the opinion of appellee's expert rather than that of appellant's expert. We do, however, conclude, for reasons we shall shortly explain, that appellee's expert erroneously valued appellant's law firm. Accordingly, on remand, the value of appellant's law firm will have to be recalculated.

■■■ In calculating the value of appellant's law firm, appellee's expert included both contingent and non-contingent work in progress in his calculations.[5] Generally, in valuing a professional partnership, the value of work in progress, along with other tangible factors, should be considered. *See Stern v. Stern,* 66 N.J. 340, 331 A.2d 257, 261

---

5. There is no indication in the record that appellee's expert had ever valued contingent fee cases for a law firm.

(1975). This is so because at any time the amount of work actually done on the work in progress can be itemized and its value calculated.[6]

By contrast, a contingent fee cannot be recouped until the case is completed and either an award is made or a settlement is reached. Inasmuch as the amount of the fee, if one is ever realized, depends on the amount of the award or settlement, its ultimate value is, to say the least, highly speculative. Moreover, there is no guarantee that a settlement will ever be had or that an award will ever be made in any particular case. Consequently, the attorney may never receive a contingent fee. Even if such a fee is ultimately received, its value to the attorney is not ascertainable until he or she actually receives it.

Other courts have held that a contingent fee cannot be considered an asset of a law firm. Those courts have also held that a contingent fee cannot be considered an asset of the marital estate for purposes of equitable distribution. *See In re The Marriage of: Myra Joyce Zells,* 197 Ill. App.3d 232, 143 Ill.Dec. 354, 554 N.E.2d 289 (1990) (held that contingent fee "cannot be considered an asset of either the marital estate, or of the law practice from which it is derived. Rather a contingent fee represents merely the unenforceable expectation of future income."). *See also Beasley v. Beasley,* 359 Pa.Super. 20, 518 A.2d 545, 554 (1986) *app. denied,* 516 Pa. 631, 533 A.2d 90 (1987) (held that no value can be placed on contingent fee for the purpose of equitable distribution as such attempted valuation would be "tenuous and risky"); *Lamparski v. Sikov, et al.,* 384 Pa.Super. 491, 559 A.2d 544, 547–548 (1989), *app. denied,* —— Pa. ——, 569 A.2d 1368 (1990) (citing with approval *Beasley,* as being instructive on the nature of contingent fees); *Dugan v. Dugan,* 92 N.J. 423, 457 A.2d 1, 11 (1983) (court noted that recent successes in contingent fee cases may lead to overestimating expected income).

---

**6.** We note that appellant's expert included only non-contingent works in progress in her valuation of appellant's law firm.

█ While we are aware that other courts have held that contingent fees cannot be considered as assets of a law firm or as marital assets, we are not prepared to say that the value of a contingent fee can *never* be determined or considered as an asset of a law firm. In the case *sub judice*, however, we find that appellee's expert did not have a sufficient basis on which to value the contingent fees of appellant's law firm. We reach this conclusion because, insofar as we can determine from the record, appellee's expert valued the contingent fee cases based solely on the number of hours expended on the cases multiplied by an hourly rate. As we have already mentioned, the hours worked on a contingent fee case may have little or no relation to the ultimate award or settlement. For these reasons, the value of appellant's law firm will have to be recalculated.

### Determination of Marital Property

Appellant contends that the circuit court erroneously determined that certain marital property was nonmarital.

█ Appellant first contends that the $1,100 security deposit which appellee deposited on her current residence is marital property. The circuit court found that there was not enough evidence to show that the security deposit was marital property. We see it somewhat differently. Appellee conceded at trial that the security deposit was an asset. Hence, the circuit court should have considered it as marital property.

█ Appellant also contends that the circuit court erroneously failed to consider appellee's 1983 Mazda as marital property. A review of the record before us reveals that the trial judge did not consider the 1983 Mazda, valued at $4,550, in the equitable distribution.[7] On remand, both the

---

7. Appellee argues that appellant did not raise this issue below and that it is, therefore, waived. A review of the record indicates that in closing argument appellant argued that "the value of car [sic] is the

security deposit and the 1983 Mazda should be considered in recalculating the equitable distribution.

## "Other Factors"

Appellant also contends that the circuit court erroneously failed to consider other factors affecting the amount and method of payment of the marital award. Specifically, appellant contends that the circuit court failed to consider the resulting tax consequences if appellant were to withdraw funds from his retirement plan to satisfy the judgment.

Having carefully reviewed the record, we find that this issue was neither raised in nor decided by the circuit court. Nevertheless, inasmuch as we are remanding the case for reconsideration, we shall, in the exercise of our discretion, address appellant's contention.

We have held that potential tax consequences of a disposition of property should be considered as an "other factor" pursuant to Md.Fam.Law Code Ann. § 8–205(b)(10).[8] *See Williams v. Williams,* 71 Md.App. 22, 37, 523 A.2d 1025 (1987). Hence, if the issue of tax consequences should arise on remand, the trial judge should consider them in determining the amount of any monetary award. *See Id.* Such evidence, however, must be more than merely speculative. *Id.*

Finally, appellant contends that the circuit court's award is too "harsh", because by reducing the award to judgment appellant will have to liquidate his retirement fund and other assets to satisfy the judgment. Alas for appellant, we disagree.

The court may reduce to judgment any monetary award made under Md.Fam.Law Code Ann. § 8–205(c). *See su-*

---

book value." *See* Joint Record Extract at 955. We hold, therefore, that the issue was preserved. Md.Rule 8–131(a).

**8.** *See supra,* n. 3.

*pra,* n. 2. That, of course, is precisely what the court chose to do in this case. The fact that the result is "harsh" on appellant may be cause for chagrin, but it does not constitute grounds for reversal.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.